FILED
JUL - 3 2024
CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

Airan Adalberto LUGO Mascareno,
Defendant.

Case No.: 24-MJ-8518-LR

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with Title 18, United States Code, Section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on June 10, 2024, to determine whether the defendant, Airan Adalberto LUGO Mascareno ("Defendant"), should be held in custody pending trial on the grounds that he is a flight risk and represented a danger to the community. Assistant U.S. Attorney, Daniel F. Casillas, appeared on behalf of the United States. Court appointed counsel, James Johnson, appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services' report, and the Criminal Complaint issued against Defendant on June 10 2024, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of Defendant.

I

## FINDINGS OF FACT

**A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):**

Defendant is charged in Criminal Complaint No. 24MJ8518-LR with Unauthorized Person in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(5). Therefore, probable cause exists to believe Defendant committed the charged offense.

**B. Weight of the Evidence against the Defendant (18 U.S.C. § 3142(g) (2)):**

On June 9, 2024, at approximately 5:40 a.m., Quechan Tribal Security Sergeant A. Ross and Quechan Patrol Officer S. Lobstein discovered a Hispanic male adult lying on the grass near the entrance of the Casino's property.

Sergeant A. Ross contacted the Hispanic male adult later identified by his Mexico Voter Identification Card as Airan Adalberto LUGO Mascareno (LUGO). Due to LUGO only speaking Spanish Sergeant A. Ross requested the assistance of Patrol Officer M. Ramirez. Patrol Officer M. Ramirez asked LUGO if he needed medical attention. LUGO declined medical attention and said that he had been walking from Mexico to Coachella, California and his cellphone was dead. LUGO told Patrol Officer M. Ramirez he had been lost for two days with no food and just found water on the Quechan property. Sergeant A. Ross and Patrol Officer Ramirez told LUGO they would help him get some water, food, charge his cellphone, and maybe get a ride into Yuma, Arizona. Sergeant A. Ross and Patrol Officer Ramirez told LUGO they were not police, and he was not in trouble.

Patrol Officer Ramirez asked LUGO if he had any weapons on him. LUGO said yes, he had a gun, but it was unloaded, and he did not have any ammunition. Patrol Officer Ramirez told LUGO to stay still and stretch out his arms. Patrol Officer Ramirez asked LUGO where the firearm was located. LUGO said it was in his right pocket and began reaching into his pocket. Patrol Officer Ramirez asked LUGO not to reach for the firearm. Sergeant A. Ross and Patrol Officer Ramirez explained to LUGO that if he wanted to come

into the casino to get water, food, and charge his phone he would have to surrender any weapons he had in his possession. LUGO laid on his back on the ground and was instructed by officers to lay on his stomach. While LUGO was face down on the ground Sergeant A. Ross removed the firearm from LUGO's pocket. Officer's escorted LUGO to the security office to get food and water while the firearm was secured inside Sergeant A. Ross's vehicle.

Sergeant A. Ross contacted the Imperial County Sheriff's Office (ICSO) and Customs and Border Protection (CBP), Border Patrol, and advised them of the situation. Border Patrol Agent (BPA) M. Montes and BPA J. Richards responded to assist Sergeant A. Ross. During the encounter LUGO was determined to be in the United States illegally. LUGO was placed under arrest by BPA M. Montes. The handgun, a Taurus, G3C, 9MM caliber, serial number ADA804932. The handgun was discovered with a magazine inserted into the magazine-well but with no ammunition loaded into the magazine or chamber of the handgun. LUGO was transported to the Yuma Sector Border Patrol Station for processing.

Homeland Security Investigations (HSI), Special Agent (SA) J. Dellinger and Task Force Officer (TFO) M. Gonzalez were contacted regarding LUGO being found in possession of a firearm in the Southern District of California. SA Dellinger and TFO Gonzalez responded to the Yuma Sector Border Patrol Station and began their investigation.

During a post-Miranda Interview of LUGO, he told SA Dellinger and TFO Gonzalez he knew he was not allowed to possess a firearm in the United States. When asked why LUGO was in possession of the pistol, he stated he always carries a firearm. LUGO stated he purchased the pistol in San Diego, California for $800.00 USD.

A record check on LUGO revealed on February 22, 2022, LUGO was apprehended for illegal entry into the United States by Border Patrol in Ajo, Arizona and returned to Mexico under Title 42.

LUGO was arrested and charged with violation of Title 18, United States Code Section 922(g)(5), Possession of a firearm by any person who, being an alien is illegally or unlawfully in the United States.

**C. <u>History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3))</u>:**

1. Defendant is a Mexican citizen, and he is 28 years old.
2. Defendant resides in Sinaloa, Mexico.

**D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):</u>**

The government did not proffer sufficient evidence to suggest that release of the Defendant would pose a danger to a person or to the community.

## II

## <u>REASONS FOR DETENTION</u>

1. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint with 24MJ8518-LR with Unauthorized Person in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(5).
2. Defendant is a Mexican citizen without the legal ability to purchase or possess a firearm.
3. Defendant does not have the legal ability to work or reside in the United States.
4. Defendant faces a substantial period in custody if convicted of the offense charged in the Criminal Complaint. Therefore, he has a strong motive to flee.
5. Defendant poses a danger to the community based on (1) on the recorded, charged conduct which depicts Defendant engaging in a shootout in a public place, (2) his gang affiliation, and (3) his record history of violent crime.

## III

## <u>ORDER</u>

**IT IS HEREBY ORDERED** that Defendant be detained pending trial in this matter.

**IT IS FURTHER ORDERED** that the Defendant be committed to the custody of

the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**
**IT IS SO ORDERED.**

DATED: 7/3/24

HON. LUPE RODRIGUEZ, JR.
U.S. MAGISTRATE JUDGE

Prepared by:

TARA K. MCGRATH
United States Attorney

Daniel F. Casillas
DANIEL F. CASILLAS
Assistant U.S. Attorney

cc: James Johnson
Federal Defenders of San Diego, Inc.